Elizabeth W. Fleming, Attorney
305 Center Ave. Suite 5
Kodiak, Alaska 99615
907 512 0790
ewfleming@lawonkodiak.com

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KODIAK

|  |  |
|---|---|
| ANGELA BUSHELL,<br>IAN BUSHELL,<br>individually and as guardians in fact and next<br>friend of five minor children to wit:<br>SoB, b 7/11/00<br>EB, b 6/19/07<br>SeB, b 9/21/05<br>CB, 3/20/09<br>and SCN, b 3/14/02<br><br>        Plaintiffs,<br>  vs.<br><br>the<br>KODIAK AREA NATIVE<br>    ASSOCIATION (KANA),<br>RACHELLE JOY,<br>MARIE GREEN,<br>JOANNA MCFARLIN,<br>CASSY HICKEY,<br>ANA STEVENS,<br>TAMMY HANSEN,<br>ANDY TEUBER,<br>MILTON BOHAC,<br>LORETTA NELSON,<br>ALFRED B. CRATTY,<br>ARNOLD KEWAN,<br>CHERYL CHRISTOFFERSON,<br>PHYLLIS AMODO,<br>JILL BOSKOFSKY<br>ALEX PANAMAROFF, JR.<br>MARGARET ROBERTS<br>SPERIDON M. SIMEONOFF, SR.<br><br>        Defendants. | Case No.: 3KO-13-367CI |

# COMPLAINT

## INTRODUCTION

On April 4, 2013, in Kodiak, Alaska, Defendant Joanna McFarlin, an employee of the Kodiak Area Native Association (KANA), called Plaintiff Angela Bushell by telephone. She told Plaintiff to bring her five children immediately to the KANA building at 3484 Rezanof Drive for an investigation into child sexual abuse allegedly committed against one of the five children. Defendant Joanna McFarlin told Plaintiff Angela Bushell that if she did not comply, she, Plaintiff, would be arrested and put in jail. Under threat of arrest, jail, and other duress, Plaintiff Angela Bushell brought her five minor children, Plaintiffs SoB, EB, SeB, CB, and SCN to the KANA building at about 11:00 a.m. on that morning. Then and there, Defendants locked Plaintiff Angela Bushell and her five minor children inside the building and held them there, against their will, without legal justification or excuse or due process of law. Defendants imprisoned these Plaintiffs for a period of five hours until their release at about 4:00 p.m. on that afternoon.

## JURISDICTION AND VENUE

1. All acts or omissions on the part of the Defendants in this case occurred in Kodiak, Alaska, in the Third Judicial District of the State of Alaska.

2. Jurisdiction in the Superior Court for the State of Alaska, Third Judicial District at Kodiak, is appropriate under AS 22.10.040.

3. Venue is appropriate in Kodiak under Rule 3(c) and Rule 3(d) of the Alaska Rules of Civil Procedure.

## PARTIES

### Plaintiffs

4. Plaintiff Angela Bushell is an adult individual married to Plaintiff Ian Bushell and the biological mother of EB, SeB, CB, and SCN. She is the female head of household for SoB, the biological daughter of Plaintiff Ian Bushell.

5. Plaintiff Ian Bushell is an adult individual married to Plaintiff Angela Bushell and the biological father of SoB, EB, SeB, and CB. He is the male head of household for SCN, the biological son of Plaintiff Angela Bushell.

6. Plaintiffs Angela and Ian Bushell are guardians in fact and parents of the five minor Plaintiffs listed below.

7. Plaintiff SoB is female minor child in the Bushell household. She is represented in this litigation by Ian Bushell and Angela Bushell, as next friend.

8. Plaintiff EB is a female minor child in the Bushell household. She is represented in this litigation by Ian Bushell and Angela Bushell, as next friend.

9. Plaintiff SeB is a female minor child in the Bushell household. She is represented in this litigation by Ian Bushell and Angela Bushell, as next friend.

10. Plaintiff CB is a male minor child in the Bushell household. He is represented in this litigation by Ian Bushell and Angela Bushell, as next friend.

11. Plaintiff SCN is a male minor child in the Bushell household. He is represented in this litigation by Ian Bushell and Angela Bushell, as next friend.

12. All Plaintiffs reside in Kodiak, Alaska.

**Defendants**

13. Defendant Kodiak Alaska Native Corporation (KANA) is an Alaska non-profit corporation in good standing. Defendant KANA has its organizational headquarters in Kodiak, Alaska, at 3449 East Rezanof Drive. Its Registered Agent is Mr. Andy Teuber.

14. Defendant Rachelle Joy is an employee of KANA and resides and works in Kodiak, Alaska.

15. Defendant Joanna McFarlin is an employee of KANA and resides and works in Kodiak, Alaska.

16. Defendant Cassy Hickey is an employee of KANA and resides and works in Kodiak, Alaska.

17. Defendant Ana Stevens is an employee of KANA and resides and works in Kodiak, Alaska.

18. Defendant Tammy Hansen, Vice President of Health Services at KANA, is an employee of KANA and resides and works in Kodiak, Alaska.

19. Defendant Andy Teuber, President and Chief Executive Officer at KANA, is an employee of KANA and resides and works in Kodiak, Alaska.

20. Defendant Milton Bohac is an employee of KANA and resides and works in Kodiak, Alaska.

21. Defendant Loretta Nelson is the Chair of the Board of Directors for KANA and resides in Kodiak, Alaska.

22. Defendant Alfred B. Cratty is the Vice Chair of the Board of Directors for KANA and resides in Kodiak, Alaska.

23. Defendant Arnold Kewan is the Secretary of the Board of Directors for KANA and resides in Kodiak, Alaska.

24. Defendant Cheryl Christofferson is the Treasurer of the Board of Directors for KANA and resides in Kodiak, Alaska.

25. Defendant Phyllis Amodo is a Member of the Board of Directors for KANA and resides in Kodiak, Alaska.

26. Defendant Jill Boskofsky is a Member of the Board of Directors for KANA and resides in Ouzinkie, Alaska.

27. Defendant Alex Panamaroff, Jr. is a Member of the Board of Directors for KANA and resides in Larsen Bay, Alaska.

28. Defendant Margaret Roberts is a Member of the Board of Directors for KANA and resides in Kodiak, Alaska.

29. Defendant Speridon Simeonoff, Sr., is a Member of the Board of Directors for KANA and resides in Kodiak, Alaska.

30. Defendant Gary Watson is a Member of the Board of Directors for KANA and resides in Kodiak, Alaska.

**Unnamed Defendants**

31. Upon information and belief, there are KANA employees, shareholders, owners, or managers, and other individuals, unknown at this time and unnamed in this Complaint, who,

in addition to the named Defendants, committed the acts and omissions complained of herein.

## REAL PROPERTY

32. At all times relevant to the acts and omissions described in this Complaint, Defendant KANA either owned in fee or held a possessory leasehold interest in the building located at 3484 East Rezanof Drive, Kodiak, Alaska.

33. At all times relevant to the acts and omissions described in this Complaint, Defendant KANA occupied and controlled at least a portion of the building located at 3484 East Rezanof Drive, Kodiak, Alaska.

34. At all times relevant to the acts and omissions described in this Complaint, policies and procedures promulgated and implemented by Defendant KANA governed the conduct of activities at the building located at 3484 East Rezanof Drive, Kodiak, Alaska.

35. Defendant KANA, by supervision, policy, or procedure, accommodates the use of the building at 3484 East Rezanof Drive as a Child Advocacy Center (CAC). Information about the Child Advocacy Center is publically available on the KANA website at http://www.kanaweb.org/html/health-programs/child-services.php.

36. According to that website, a child advocacy center is a specialized facility in which a multidisciplinary team of representatives from many agencies, including law enforcement, child protection, prosecution, mental health, medical and victim advocacy work together to conduct interviews and make team decisions about the investigation, treatment, management and prosecution of child abuse cases.

37. All of the acts or omissions described in this Complaint as occurring on April 5, 2013, occurred at 3484 East Rezanof Drive, Kodiak, Alaska.

## GENERAL ALLEGATIONS

38. In our civilized society, all human beings have a right to liberty which may not be infringed without due process of law.

39. Defendants who are or were employees of Defendant KANA were at all times relevant to the acts and omissions alleged in this Complaint performing as agents or employees and with the consent of Defendant KANA.

40. The acts of the individual Defendants were in accordance with and represent policies and procedures of Defendant KANA approved by management or the Board of Directors.

41. At all times alleged herein, Defendants employed by KANA committed acts or omissions on their on their own accord and as employees and agents of KANA.

42. Each of the Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts or omissions alleged in this Complaint.

43. Each of the acts or omissions alleged in this Complaint was performed by, or attributable to, all Defendants, each acting as the agent for the other, with legal authority to act on the other's behalf.

44. Each Defendant ratified each and every act or omission in this Complaint.

45. Each Defendant aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages to the Plaintiffs.

46. Each Defendant owed a duty of care to the Plaintiffs.

47. Each Defendant is liable jointly and severally for the damages to the Plaintiffs.

## FACTS

### Acts or Omissions of April 5, 2013

48. On April 5, 2013, in Kodiak, Alaska, Defendant Joanna McFarlin made a phone call to Plaintiff Angela Bushell. In that call, Defendant McFarlin told Plaintiff Angela Bushell that there had been an allegation of child sexual abuse involving Plaintiff Angela Bushell's daughter, Plaintiff SoB, and that Plaintiff Angela Bushell was to bring all five of her children to the KANA Building at 3484 East Rezanof Drive for interviews.

49. Then and there, on the telephone, Defendant McFarlin told Plaintiff Angela Bushell that if she did not bring the children to the KANA building, she, meaning Plaintiff Angela Bushell, would be subject to arrest and sent to jail, or words to that effect.

50. Under threat of arrest and jail, and under duress, Plaintiff Angela Bushell retrieved all five of her children from school and drove them in the family car to the KANA building at 3484 East Rezanof Drive.

51. When Plaintiff Angela Bushell and the five minor children reached the KANA building at 3484 East Rezanof Drive, Defendant KANA employees imprisoned Plaintiff Angela Bushell and all five minor children inside the building, intentionally, wrongfully, and without justification or excuse.

52. The Defendant KANA employees present at the KANA building that day accomplished this imprisonment by denying these Plaintiffs any and all means by which they could communicate with the outside world.

*Bushell v KANA, et al.*
3KO 13      CI
COMPLAINT
Page **8** of **19**

Case 3:13-cv-00192-JWS   Document 6-2   Filed 10/15/13   Page 8 of 19

53. The Defendant KANA employees present at the KANA building that day accomplished this imprisonment by locking exit doors, by coercion, intimidation, and threats, and by keeping intent watch over Plaintiff Angela Bushell and the five minor Plaintiffs, even when individual Plaintiffs needed to take care of comfort requirements including food, drink, and use of the bathroom facilities.

54. The Defendant KANA employees present at the KANA building that day accomplished this imprisonment by refusing all requests to leave made many times over the course of the day by each and every one of the Plaintiffs at that location.

55. The Defendant KANA employees present at the KANA building that day had no authority under color of law to confine innocent individuals against their will for any length of time.

56. This detention and imprisonment of the Plaintiffs was intentional, reckless, without due process, and without legal justification or excuse.

57. The Defendants' conduct toward these Plaintiffs caused physical, mental, and emotional distress of a very serious kind and nature.

58. At the time of these incidents and before, Plaintiffs were emotionally and physically healthy, active, and fully capable of engaging in normal day-to-day activities. Since the time of their false arrest and unlawful imprisonment, Plaintiffs have suffered severe emotional distress and mental anguish, affecting their psychological well-being.

### Acts or omissions prior to April 5, 2013

59. As of April 5, 2013, Defendant KANA had in effect a policy which provided for the "total lock down" of its facilities when victims and witnesses were present for interviews.

60. The officers and directors of Defendant KANA, in management and on the Board of Directors, intentionally, recklessly, or negligently allowed the KANA staff to author, construct, promulgate, approve, and implement a policy whereby innocent citizens of the Kodiak community could be falsely imprisoned against their will, without legal justification or excuse, and without due process of law.

61. Defendants knew, or should have known, that a policy which provided for the unlawful detention of innocent persons, behind locked doors, without legal justification or excuse and without due process of law, was likely to cause damage to these Plaintiffs and other citizens of the Kodiak community.

62. Defendants knew or should have known that this conduct was likely to result in serious harm.

63. In promulgating and implementing this "total lock down" policy, Defendant KANA breached its duty of care owed to Plaintiffs and to all members of the Kodiak community.

### Acts or Omissions Following April 5, 2013

64. In the days immediately following the false arrest and imprisonment of Plaintiffs on April 5, 2013, and continuing to the present time, Defendants engaged in a course of conduct designed to conceal their wrongful and unlawful conduct, intimidate the Plaintiffs, and

impede innocent fact-finding into the circumstances of that day. In colloquial parlance, Defendants "circled the wagons" and overtly thwarted all reasonable attempts to discover why Plaintiffs had been locked up in the building.

65. When Plaintiff Ian Bushell tried to learn more about what happened, Defendants gave false, misleading, and evasive answers to his questions about the management structure at Defendant KANA.

66. Because Defendants refused to provide this public information in a reasonable manner, Plaintiff Ian Bushell discovered the names and email addresses of the Board of Directors on the KANA website. On May 19, 2013, Plaintiff Ian Bushell sent an email addressed to each member of that Board complaining about the way his family was treated on April 5, 2013, copied to Defendant Joanna McFarlin.

67. Defendants have yet to respond to that correspondence.

68. Instead, Defendants engaged in active retaliation against him, made overt efforts to keep him from discovering any more information about the events of April 5, 2013, and ultimately made false and misleading accusations in court and under oath about him.

69. The very next day, on May 20, 2013, Defendant Rachelle Joy filed for an *ex parte* Stalking Protective Order, 3KO 13 0169 CI, in District Court in Kodiak, Alaska. In her Affidavit, Defendant Rachelle Joy falsely alleged that Plaintiff Ian Bushell had been "banging" on the KANA building on April 5, 2013 and that on April 16, 2013, (*sic.* This visit occurred on May 16) Plaintiff had visited the KANA facility "huffing and pacing." Defendant Rachelle Joy and the other Defendants knew that Plaintiff Ian Bushell was acting

calmly and rationally and asking legitimate questions about the imprisonment of his family and the process for making a formal complaint to management about it.

70. The effect of this *ex parte* protective order was to prohibit Plaintiff Ian Bushell from any further contact with KANA or its employees, and to physically keep him away from the KANA building on Rezanof Drive. This curtailed his fact finding.

71. Defendant Rachelle Joy's individual action against Plaintiff Ian Bushell was piece of sham litigation undertaken for the benefit of Defendants specifically to intimidate Plaintiffs from taking action or continuing fact-finding into events of April 5, 2013.

72. After losing her request for a long term protective order against Plaintiff Ian Bushell, on or about September 11, 2013, during a chance encounter in a public place in Kodiak, Defendant Rachelle Joy loudly called Plaintiff Angela Bushell a "witch" in front of children of both parties.

73. Defendant KANA hired and paid for an Anchorage attorney with the law firm of Sonosky Chambers Sachse Miller & Munson, LLP, to represent Defendant Rachelle Joy as an individual in this sham litigation. That attorney entered an Appearance in 3KO 13 0169 CI and flew to Kodiak for the long term Stalking Protective Order hearing held on August 20, 2013.

74. At all times, Defendants and counsel knew or should have known that the allegations of stalking under AS 11.41.270, which requires repeated acts that place a person in fear of death or physical injury, were baseless and could not be proven in a court of law.

75. At the hearing on August 20, 2013, Defendants Rachelle Joy, Marie Green, Cassy Hickey, and Joanna McFarlin gave false and misleading testimony under oath. These Defendants accused Plaintiff Ian Bushell of inappropriate behavior towards them, including outlandish and unsubstantiated accusations of stalking.

76. At that hearing, Defendant Marie Green gave false and misleading testimony that on May 16, 2013, during his visit to the KANA building, Plaintiff Ian Bushell was upset, "would not take no for an answer," and was "rude and demanding".

77. Plaintiff Ian Bushell has an actual audio recording of that encounter which he used at that hearing to show beyond any doubt that his visit to 3484 East Rezanof had been, if anything, polite and courteous.

78. At that hearing, Defendant Cassy Hickey testified that on April 5, 2013, a "silver car" drove slowly through the parking lot at 3484 East Rezanof and exited the parking lot by driving through the ditch. She implied through her testimony that Plaintiff Ian Bushell had been driving this "silver car."

79. Prior to Defendant Hickey's testimony, Defendants made no attempt to discover whether Plaintiff Ian Bushell was the actual driver of the "silver car" or if he owned or had access to any "silver car."

80. At that hearing, Defendant Joanna McFarlin accused Plaintiff Ian Bushell of calling her home and hanging up and driving slowly past her home "in a blue car" even though she could not identify the caller nor the driver.

81. Prior to Defendant McFarlin's testimony, Defendants made no attempt to discover whether Plaintiff Ian Bushell was the actual driver of the "blue car" or if he owned or had access to any "blue car."

82. At that hearing, Defendants, through counsel acting on behalf of individual Defendant Rachelle Joy, marked Plaintiff Ian Bushell's May 19, 2013 email to the KANA Board of Directors as an exhibit and submitted it as evidence of stalking behavior, as if his legitimate complaints as stated in that email were some kind of crime.

83. This false and misleading testimony, in a court of law, was intended to assist Defendants continue to conceal the nature and extent of the gross and unlawful misconduct committed on April 5, 2013.

84. This course of conduct evidenced an attitude of disinterest and lack of concern for any ramifications of Defendants' unlawful conduct toward the Plaintiffs on April 5, 2013.

85. This course of conduct evidenced an unwillingness on the part of Defendants to evaluate their own wrongful and unlawful actions, accept any responsibility for their actions, or make amends to the Bushell family.

### ACTS OR OMISSIONS RELEVANT TO THE IMPOSITION OF PUNITIVE DAMAGES
(AS 09.17.020 and common law)
As to all Defendants

86. Paragraphs 1 through 85 are herein incorporated.

87. Each and every act or omission described above was intentional, outrageous, and done with malice or bad motives.

88. Each and every act or omission described above evidenced a reckless indifference to the interests of the Plaintiffs and other persons.

89. Each and every act or omission described above was likely to result in serious harm to Plaintiffs and other members of the Kodiak community.

90. Defendants were aware, at all times, that the conduct described above was likely to result in serious harm to Plaintiffs and other members of the Kodiak community.

91. The conduct described herein was not an isolated instance, but a continued course of conduct that endured from the time Defendant KANA and its Defendant employees promulgated and implemented the "total lock down" policy described above until the present time.

92. The Defendants have made extraordinary efforts to conceal this conduct, to prevent the nature of this conduct from being exposed to public review and criticism, and to avoid assuming responsibility for these unlawful acts and omissions.

93. The attitude and conduct of the Defendants since Plaintiff Ian Bushell began to seek information about the treatment of his family has been deplorable, and has been characterized by concerted efforts to conceal from the public and the community the fact that Defendants use a "total lock down" policy to unlawfully confine members of the Kodiak community in the KANA building.

94. Defendants' conduct toward the Bushell family and toward other members of the Kodiak community has been so extreme and atrocious that it goes beyond the bounds of decency.

95. Defendants' conduct toward the Bushell family and toward other members of the Kodiak community would be considered utterly intolerable in a civilized society.

## COUNT I
(Common Law False Arrest)
As to All Defendants

96. Paragraphs 1 through 95 are herein incorporated.

97. The actions of the Defendants constitute false arrest under the common law.

## COUNT II
(Common Law False Imprisonment)
As to All Defendants

98. Paragraphs 1 through 95 are herein incorporated.

99. The actions of the Defendants constitute false imprisonment under the common law.

## COUNT III
(Common Law Intentional Infliction of Emotional Distress)
As to All Defendants

100. Paragraphs 1 through 95 are herein incorporated.

101. As a direct and proximate result of Defendants' acts and omissions, Plaintiffs have suffered severe emotional distress and mental anguish affecting their psychological well-being.

## COUNT IV
(Common Law Negligent Infliction of Emotional Distress)
As to All Defendants

94. Paragraphs 1 through 95 are herein incorporated.

95. Defendants knew or should have known that the conduct described herein would and did proximately result in physical and emotional distress to Plaintiffs and other innocent citizens of the Kodiak Community.

102. At all relevant times, Defendants had the power, ability, authority, and duty to stop engaging in the conduct described herein and to prevent and prohibit this conduct.

103. Despite this knowledge, power, and duty, Defendants negligently failed to act so as to stop engaging in this conduct or to prevent and prohibit this conduct.

104. As a direct and proximate result of Defendants' acts and omissions, Plaintiffs have suffered severe emotional distress and mental anguish affecting their psychological well-being.

## COUNT XX
(Common Law Fraud)
As to all Defendants

105. Paragraphs 1 through 95 are herein incorporated

106. Defendant McFarlin falsely represented material facts to Plaintiff Angela Bushell in telling Plaintiff Angela Bushell that if she did not bring her five children to the KANA building, she would be arrested and put in jail.

107. These representations were in fact false. The truth was that Defendant McFarlin had no police or arrest authority and no legal process by which she could compel Plaintiff Angela Bushell or anybody else to act against her own free will.

108. At the time Defendant made these representations, she know them to be false and she had no reason to believe them to be true.

109. Defendant McFarlin made these representations with the intend to defraud and to induce Plaintiff to come to the KANA facility with her five children against her will.

110. At the time Plaintiff Angela Bushell acted, she did not know the representations were false and she believed them to be true. Plaintiff Angela Bushell acted in justifiable reliance upon the truth of these representations.

111. Defendants had, and continue to have, the means of obtaining and actual possession of knowledge that they cannot lawfully imprison innocent members of the Kodiak community without due process of law. As a result of this superior knowledge, Defendants gained an unconscionable advantage over Plaintiffs, who were ignorant of their rights to liberty under the law and not in a position to become informed of those rights while in the custody and control of the Defendants.

## COUNT V
(Common Law Negligent Supervision)
As to Defendant KANA, Defendant Andy Teuber, and Defendants on the KANA Board of Directors

112. Paragraphs 1 through 95 are herein incorporated.

113. Defendant KANA, Defendant Andy Teuber, and Defendants on the KANA Board of Directors owed Plaintiffs and other members of the Kodiak community a duty to use care in the promulgation of policies and procedures governing the use of KANA facilities.

114. Defendants KANA, Andy Teuber, and the KANA Board of Directors negligently allowed KANA employees to promulgate and implement a policy which provided for the unlawful confinement of innocent citizens of the Kodiak community in its facilities without due process of law. In so doing, these Defendants failed to exercise reasonable managerial

responsibilities for facilities use, risk management, or policy. Thereby, these Defendants negligently breached this duty to use due care, which directly and proximately resulted in the damages to Plaintiffs as alleged in this Complaint.

## JURY TRIAL

Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand as follows:

That process issue to all Defendants and that they be required to answer in the time allowed by law.

That judgment be rendered in favor of the Plaintiffs, and against the Defendants, jointly and severally, for actual damages in an amount to be shown at trial.

That Plaintiffs be awarded punitive damages against the Defendants, jointly and severally, in an amount to be established at trial.

That Plaintiffs be awarded reasonable expenses incurred in bringing this action, including reasonable attorney and expert fees and expenses.

That Plaintiffs be awarded any other further and general relief as may be appropriate.

A jury for the trial of this matter.

Respectfully submitted,

*/s/ Elizabeth W. Fleming*
ELIZABETH W. FLEMING
Attorney for Plaintiffs
AK Bar No 0911052