Richard D. Monkman
Alaska Bar No. 8011101
Kendri M. M. Cesar
Alaska Bar No. 1306040
Sonosky, Chambers, Sachse,
 Miller & Munson, LLP
302 Gold Street, Suite 201
Juneau, Alaska 99801
Telephone:     907-586-5880
Facsimile:     907-586-5883
dick@sonoskyjuneau.com
Kendri@sonoskyjuneau.com

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANGELA BUSHELL, IAN BUSHELL, individually and as guardians of five minor children: SoB, b 7/11/00; EB, b 6/19/07; SeB, b 9/21/05; CB, 3/20/09 and SCN, b 3/14/02,<br><br>        Plaintiffs,<br><br>vs.<br><br>KODIAK AREA NATIVE ASSOCIATION (KANA), RACHELLE JOY, MARIE GREEN, JOANNA MCFARLIN, CASSY HICKEY, ANA STEVENS, TAMMY HANSEN, ANDY TEUBER, MILTON BOHAC, LORETTA NELSON, ALFRED B. CRATTY, ARNOLD KEWAN, CHERYL CHRISTOFFERSON, PHYLLIS AMODO, JILL BOSKOFSKY, ALEX PANAMAROFF, JR., MARGARET ROBERTS, and SPERIDON M. SIMEONOFF, SR.,<br><br>        Defendants. | Case No. 3:13-cv-00192-JWS |

## MOTION TO DISMISS
## Fed. Rul. Civ. Pro. 12(b)(1) and (6).

Defendant Kodiak Area Native Association (KANA) and all named individual defendants move that this Court dismiss this action. Plaintiffs have not stated a claim against the named defendants and, even if they had done so, this action is barred by the doctrine of sovereign immunity and must be dismissed for lack of subject matter jurisdiction.

1. <u>Federal Tort Claims Act</u>. Plaintiffs' complaint alleges tort claims against KANA and against seventeen (or possibly eighteen?)[1] of KANA's directors and employees arising from the provision of services to Angela Bushell and her children. Those services were provided by KANA pursuant to the Alaska Tribal Health Compact and KANA's Funding Agreement with the Secretary of Health and Human Services, as authorized by Title V of the Indian Self-Determination and Education Assistance Act, Pub. L. 93-638, 25 U.S.C. § 458aaa et seq. *See*, Ex. 1 (KANA's Funding Agreement).

The Federal Tort Claims Act (FTCA) provides the unique and exclusive remedy available to the plaintiffs for these claims. This is because KANA and its directors and employees are "deemed to be part of the Public Health Service in the Department of Health and Human Services while carrying out" its functions under the Alaska Tribal Health Compact and its Funding Agreement with the Government, and its officers, employees and personal service contractors "are deemed employees of the Service while acting within the scope of their employment in carrying out the contract or agreement." 25 U.S.C. § 450f(d); Department of the Interior and Related Agencies Appropriations Act of 1991, Pub. L. No. 101- 512, Title III, § 314,

---

[1] One director is identified in the complaint as a defendant but is not listed in the case caption and has not been served. If any claims are meant to be asserted against this director, they should be dismissed for the reasons noted in this motion.

104 Stat. 1915, 1959 (Nov. 5, 1990); *cf. Walker v. Chugachmiut*, 46 Fed. Appx. 421, 2002 WL 1994521 (9th Cir. 2002) ("Any civil action against a tribal organization, or one of its employees acting within the scope of employment, for tort claims resulting from the carrying out of an Indian Self-Determination and Educational Assistance Act contract "shall be deemed to be an action against the United States" under the FTCA. Any such action that is originally filed in state court therefore is removable to federal court.") (*citing*, Department of the Interior and Related Agencies Appropriations Act of 1991, Pub. L. No. 101-512, Title III, § 314, 104 Stat. 1915, 1959 (Nov. 5, 1990) (codified as amended at 25 U.S.C. § 450f note) and 28 U.S.C. §§ 1346(b)(1), 1441(a) and 2679(d)(2)).

The only proper defendant in this action is the United States, and the only proper route for plaintiffs to make claims against the United States is through the FTCA's administrative procedures. KANA and the individual defendants should be dismissed upon the Attorney General's certification. 28 U.S.C. § 2679; Fed. R. Civ. Pro. 12(b)(6).

2. <u>Sovereign Immunity</u>. Alternately, this action is barred by sovereign immunity. KANA is a tribal organization of federally recognized tribes in the Koniag region, including those of Kodiak, Akhiok, Old Harbor, Ouzinkie, Port Lions and Larsen Bay. It is settled law that tribes and tribal organizations such as KANA enjoy immunity from suit absent their consent or authorization from Congress: "A tribe may not be sued except where Congress has specifically stripped its sovereign immunity by providing for suit." *Pink v. Modoc*, 157 F.2d 1185 (9th Cir. 1998) (applying sovereign immunity to an inter-tribal organization); *see also Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 754 (1998) ("As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity"). A waiver of tribal immunity must be unequivocally expressed, and cannot be

MOTION TO DISMISS  Page 3 of 5
*Angela Bushell, et al., vs. KANA, et al.*; Case No. 3:13-cv-00192-JWS

implied.  *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 59 (1978).  Sovereign immunity is jurisdictional; its recognition by the Court is not discretionary; and it bars suit against a tribe or tribal organization and the tribe or tribal organization's officers and employees irrespective of the substantive allegations of the claim.  *Puyallup Tribe, Inc. v. Dep't of Game*, 433 U.S. 165, 172-73 (1977); *Cal. Dep't of Fish and Game v. Quechan Tribe of Indians*, 595 F.2d 1153, 1154-55 (9th Cir. 1979).  Sovereign immunity applies to a consortium of tribes such as KANA.  *Pink v. Modoc*, *supra*.; *J.L. Ward Associates, Inc. v. Great Plains Tribal Chairmen's Health Bd.*, 842 F.Supp.2d 1163, 1171-1177 (D. S.D. 2012) (collecting cases); 25 U.S.C. § 458aaa(b) (defining a tribal organization carrying out a self-governance compact, like KANA, to be a "Tribe").

Here, there has been neither any tribal nor Congressional waiver of sovereign immunity.  In the event the Court finds that dismissal under the FTCA is not appropriate, for any reason, plaintiffs' claims against KANA and its directors and employees must nonetheless be dismissed for lack of subject matter jurisdiction.  Fed. Rul. Civ. P. 12(b)(1).

3.  Conclusion.  This matter should be dismissed without prejudice to plaintiffs pursuing their administrative remedies against the United States under the Federal Tort Claims Act.  Alternatively, upon certification by the Attorney General, the Government should be substituted for KANA and for all individual defendants in this action, and such further relief should be granted to the Government as may be appropriate.  *Ward v. Gordon*, 999 F.2d 1399, 1401 (9th Cir. 1993).  And last, if for any reason dismissal is not granted or the Government not substituted, the matter should be dismissed for lack of subject matter jurisdiction due to KANA's sovereign immunity from suit.  Fed. R. Civ. P. 12(b)(1) and (6).

//

//

Dated October 16, 2013.

        SONOSKY, CHAMBERS, SACHSE,
         MILLER & MUNSON, LLP

        */s/ Richard D. Monkman*
By: _____
    Richard D. Monkman
    Alaska Bar No. 8011101
    Email: dick@sonoskyjuneau.com
    Kendri M. M. Cesar
    Alaska Bar No. 1306040
    Email: Kendri@sonoskyjuneau.com

    302 Gold Street, Suite 201
    Juneau, Alaska 99801
    Tel: 907-586-5880
    Fax: 907-586-5883

    Counsel for Kodiak Area Native
    Association and all Individual
    Defendants

<u>Certificate of Service</u>

I hereby certify that on October 16, 2013,
a copy of the foregoing document was served
via ECF on:

Elizabeth W. Fleming, Esq.
ewfleming@lawonkodiak.com

*/s/ Richard D. Monkman*
_____
Richard D. Monkman